UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JERRY FREEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:23-cv-105 |
| | ) | |
| DEPUTY MATTHEW PICKENS, | ) | |
| in his individual capacity; | ) | |
| DEPUTY SETH BARTON, in his | ) | |
| individual capacity; | ) | |
| UNKNOWN DEPUTY OR DEPUTIES | ) | |
| OF THE PULASKI COUNTY | ) | |
| SHERIFF'S DEPARTMENT, in their | ) | |
| individual capacity or capacities; | ) | |
| UNKNOWN OFFICER OR OFFICERS | ) | |
| OF THE WINAMAC POLICE | ) | JURY TRIAL REQUESTED |
| DEPARTMENT, in their individual | ) | |
| capacity or capacities, | ) | |
| | ) | |
| Defendants. | ) | |

**Complaint for Damages**

**Introduction**

1.     Armed only with an arrest warrant for plaintiff's son, Deputy Matthew Pickens

with one or more other deputies from the Pulaski County Sheriff's Department and/or

officers of the Winamac Police Department, entered plaintiff's home without consent

despite the fact that there was no reason to believe that his son was inside the residence.

Deputy Pickens, accompanied by Deputy Sheriff Seth Barton, entered plaintiff's home

without consent on a second occasion, armed only with an arrest warrant, despite the fact

[1]

that there was still no reason to believe that Mr. Freeman's son was present in the home. These two entries violated the Fourth Amendment and caused plaintiff damages for which the defendants are liable.

**Jurisdiction, venue, and cause of action**

2.    This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331.

3.    Venue is proper in this district pursuant to 28 U.S.C. § 1391.

4.    Plaintiff brings this case pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States.

**Parties**

5.    Jerry Freeman is an adult resident of the city of Winamac, located in Pulaski County, Indiana.

6.    At all relevant times Matthew Pickens was a deputy of the Pulaski County Sheriff's Department.

7.    At all relevant times Seth Barton was a deputy of the Pulaski County Sheriff's Department.

8.    The as of yet unidentified Unknown Deputy or Deputies of the Pulaski County Sheriff's Department were, at all relevant times, a deputy or deputies in the Department.

9.    The as of yet unidentified Unknown Officers of the Winamac Police Department were, at all relevant times, a member or members of the Department.

**Facts**

10.    Jerry Freeman owns a home in Winamac, Indiana.

11.    Scott Freeman is Jerry Freeman's son and lived with his father in his father's home in Winamac.

12.    In February of 2022, Scott Freeman failed to appear for a criminal court appearance in an Indiana state court and a warrant was issued for his arrest.

13.    In late February or early March of 2022, Pulaski County Sheriff's Deputy Matthew Pickens, along with a number of Pulaski County Sheriff's deputies and Winamac Police Department officers, came to Jerry Freeman's home with the arrest warrant for Scott Freeman.

14.    Jerry Freeman was present and spoke to Deputy Pickens outside of Mr. Freeman's home.

15.    Deputy Pickens asked if Scott Freeman was in the home and Jerry Freeman truthfully indicated that Scott Freeman was not in the home. Upon being asked where Scott Freeman was, Jerry Freeman said that he thought he was out of town purchasing a car for a business.

16.    Deputy Pickens informed Jerry Freeman that he had an arrest warrant for Scott Freeman and asked for permission to enter the home. Mr. Freeman denied permission to Deputy Pickens and the other officers present and indicated that police authorities had to have a search warrant to enter the home.

[3]

17.    There had been no search warrant issued for a search of Mr. Freeman's home, only an arrest warrant for Scott Freeman.

18.    Deputy Pickens indicated that no search warrant was needed because he had an arrest warrant and he and one or more Unknown Deputies of the Pulaski County Sheriff's and/or Unknown Officers of the Winamac Police Department proceeded to enter the home without the consent of Mr. Freeman or any other persons.

19.    Before Deputy Pickens or other law enforcement officers entered the home, Mr. Freeman's daughter drove up to the house. As she pulled into the driveway, law enforcement personnel asked her if she knew where her brother was, and she said she did not know.

20.    Scott Freeman's car was not at the home.

21.    At no time did Deputy Pickens or the other law enforcement officers have a reasonable belief that Scott Freeman was in the home.

22.    Deputy Pickens and the other defendant law enforcement officers spent 15-20 minutes in the home thoroughly searching it.

23.    Scott Freeman was not in the home and Deputy Pickens and the other law enforcement officers left after the unsuccessful search.

24.    Approximately one week later Deputy Pickens and Deputy Sheriff Seth Barton returned to Mr. Freeman's home with the arrest warrant for Scott Freeman.

25.    Again, they had no search warrant.

26.     Scott Freeman was not in the home, but Jerry Freeman's minor grandson, who is Scott Freeman's son, was there and answered the door.

27.     Mr. Freeman's grandson met the two deputies at the front door of the home.

28.     Deputy Pickens asked if his father or grandfather was at home and Jerry Freeman's grandson truthfully answered that neither was home.

29.     Deputy Pickens indicated that he and Deputy Barton were going to enter the home and the grandson asked if they had a search warrant.

30.     Deputy Pickens stated they did not need one and that they had talked to Mr. Freeman about this before.

31.     Although Mr. Freeman's grandson, a minor child, did not have authority to consent to the search of the home, at no point did Mr. Freeman's minor grandson give the deputies permission to enter the home.  He just stepped aside when ordered to do so.

32.     The deputies proceeded to enter the house and spent 5-10 minutes searching for Mr. Freeman's son who was not there.

33.     At no time did Jerry Freeman, his grandson, or any other person consent to the entry and search of the home.

34.     Scott Freeman's car was not there.

35.     Deputy Pickens and Deputy Barton did not have a reasonable belief that Scott Freeman was in the home.

36.     Deputy Pickens and Deputy Barton left after the search of the home.

[5]

37.    On a third occasion a different deputy sheriff returned with the arrest warrant for Scott Freeman.

38.    At this time, Jerry Freeman was at the house.

39.    The deputy sheriff politely asked if he could enter the home to search for Scott Freeman.

40.    Even though Scott Freeman was not there, Jerry Freeman allowed the deputy to enter the home as he had been polite. Scott Freeman was not found.

41.    On a fourth occasion, law enforcement officers returned to Jerry Freeman's home after being informed that Scott Freeman was present in the home. They entered the home armed with the arrest warrant and arrested Scott Freeman.

42.    The first two entries into Jerry Freeman's home, which were non-consensual and not justified by exigent circumstances, were led by Deputy Sheriff Pickens and caused Jerry Freeman damages.

43.    At all times defendants acted under color of state law.

**Jury trial demand**

44.    Plaintiff requests a trial by jury on all claims so triable.

**Legal claim**

45.    The actions of Deputy Sheriff Pickens, Deputy Sheriff Barton, and the other defendants in entering Mr. Freeman's home, without consent or exigent circumstances

based solely on their possession of an arrest warrant when there was no reasonable belief on either occasion that Scott Freeman was in the home, violated the Fourth Amendment.

WHEREFORE, plaintiff requests that this Court:

a.    Accept jurisdiction of this case and set it for hearing at the earliest opportunity.

b.    Declare that defendants violated the Fourth Amendment rights of plaintiff for the reasons noted above.

c.    Award plaintiff his nominal and actual damages following a trial by jury.

d.    Award plaintiff his costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

e.    Award all other proper relief.

Kenneth J. Falk
Stevie J. Pactor
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN 46202
317/635-4059
fax: 317/635-4105
kfalk@aclu-in.org
spactor@aclu-in.org

Attorneys for Plaintiff